IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) RICHARD MERRIT IVERSON, ) ) Defendant. ) ) | Case No. CR-97-58-S-BLW **ORDER** |

Pending before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction and/or Void Excess Sentence (Docket No. 449) to which the Government has filed its Response (Docket No. 459). For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

Defendant was sentenced by this Court on December 18, 1997 to 188 months of imprisonment following his conviction by a jury of 23 counts of conspiracy to defraud the United States, mailing threatening communications,

Order - 1

endeavoring to intimidate and impede an officer of the Court, bank fraud, attempt to interfere with commerce by extortion, and mail fraud.  Docket No. 247.  Although he did not appeal his sentence, Defendant filed several post-trial motions and notices seeking to void his sentence.  *See, e.g.,* Docket Nos. 251, 304, 300, 401, and 429.  The Court denied all motions.

Defendant filed the instant motion on January 17, 2006.  Although it purports to be made pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction, Defendant essentially argues that the Court imposed sentence in violation of *United States v. Booker*, 125 S.Ct. 738 (2005), in that it was based on enhancements not proven to a jury or admitted by him.

## APPLICABLE LAW AND DISCUSSION

Despite its title, Defendant's motion appears to be a § 2255 motion.  Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a

federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

Defendant previously filed a Motion for Copies of Transcripts (Docket No. 429), Second Formal Request for Documents (Docket No. 430), and Motion for Production of Documents (Docket No. 431).  As more fully explained in its Order denying those motions, the Court necessarily considered whether a potential § 2255 motion based on *Blakely* grounds would be frivolous.  Docket No. 432.  Citing case law from other circuits, the Court determined that a such a motion would be frivolous in part because *Blakely* and its successor, *Booker*, were not retroactive to cases on collateral review.  *Id.*  Nevertheless, Defendant again seeks relief on *Booker* grounds.  Since entry of that Order, the Ninth Circuit has joined other circuits and decided that *Booker* is not retroactive and does not apply to a case on collateral review where the conviction was final before its publication.  *See United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 1181 (2006).

Defendant had also previously filed a Notice and Demand by Way of Motion to Vacate Void Judgment for Fraud (Docket N. 251) which the Court had construed as a § 2255 motion and denied.  Docket No. 387.  The failure of  a party

Order - 3

to obtain the requisite authorization from the court of appeals to file a second or successive § 2255 motion deprives the Court of jurisdiction to hear the claim. *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

Defendant has not obtained the requisite authorization to file a second or successive § 2255 motion. Accordingly, the Court has no jurisdiction to hear his claim. However, even if the Court were to construe Defendant's motion as an initial § 2255 motion, it would be dismissible because it plainly appears based on *Cruz* that Defendant is not entitled to relief.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction and/or Void Excess Sentence (Docket No. 449) is DENIED.

DATED: **April 14, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

Order - 4